**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| GMP:SLT | *271 Cadman Plaza East* |
| F.#2011R01661/NY-NYE-648Z | *Brooklyn, New York 11201* |

September 30, 2013

<u>By Hand and ECF</u>
The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Angelo Germano
<u>Criminal Docket No. 11-486 (S-1)(DLI)</u>

Dear Judge Irizarry:

The government respectfully submits this letter in advance of sentencing in the above-captioned case, which is scheduled for October 16, 2013. For the reasons stated below, the government respectfully requests that the Court sentence the defendant within the applicable advisory Guidelines range of 24 to 30 months.

I.      <u>Background</u>

In June 2007, agents from the New York Organized Crime Drug Enforcement Strike Force ("OCDESF") began an investigation into a large-scale narcotics distribution organization that was responsible for distributing large quantities of marijuana, cocaine, MDMA and prescription opiates throughout the United States, Canada and Europe. (Presentence Report ("PSR") ¶¶ 4-5).

From approximately 2009 until his arrest in July 2011, the defendant Angelo Germano acted as a marijuana distributor for co-defendant Gjavit Thaqi, picking up distribution quantities of marijuana from Thaqi and his associates, delivering the narcotics to customers and collecting drug proceeds from the sale of narcotics on behalf of the organization. (PSR ¶ 20). In total, Germano is responsible for distributing between 80 and 100 kilograms of marijuana. (PSR ¶ 84).

On April 29, 2013, the defendant pleaded guilty, pursuant to a plea agreement, to a lesser-included offense of Count Three of the superseding indictment, charging the defendant with conspiracy to distribute and possess with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

II.  Discussion

    A.  Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005).  However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id.  In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted).  Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [a district court] may not presume that the Guidelines range is reasonable.  [A district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

    B.  The Advisory Guidelines Range Is 24 to 30 Months

The Probation Department has determined that the defendant's adjusted offense level is 19, the defendant is in Criminal History Category I, and the advisory Guidelines sentencing range is 30 to 37 months' imprisonment.  (PSR ¶¶ 84-97, 124). The government supports a further two-point reduction for global disposition pursuant to Guidelines Policy Statement 5K2.0.  (PSR ¶139).  Including this reduction, the resulting

advisory Guidelines sentencing range is 24 to 30 months.  Id.
The defendant agrees with this Guidelines calculation.

      C.    A Sentence Within the Guidelines Range Is
            Appropriate in This Case

      Based on the factors set forth in 18 U.S.C. § 3553(a),
a sentence within the Guidelines range is appropriate in this
case.

      A sentence within the advisory Guidelines range is
necessary to reflect the seriousness of the offense, promote
respect for the law and provide just punishment.  18 U.S.C.
§ 3553(a)(2)(A).  As noted above, the defendant's offense of
conviction -- conspiring to distribute over 80 kilograms of
marijuana -- is a serious crime that merits a serious
punishment.  While the defendant has no criminal history points,
his lengthy involvement in narcotics trafficking, minor as it
may be in comparison to some of the co-defendants in this case,
nonetheless demonstrates an on-going lack of respect for the
law.  A term of imprisonment within the advisory Guidelines
range is therefore necessary in order to serve these important
purposes of sentencing.

      A sentence within the advisory Guidelines range is
also necessary to afford adequate deterrence to criminal conduct
and to protect the public from further crimes of the defendant.
18 U.S.C. § 3553(a)(2)(B) & (c).  "Under section 3553(a)(2)(B),
there are two major considerations: specific and general
deterrence." United States v. Davis, No. 08-CR-332 (JBW), 2010
WL 1221709, at *2 (E.D.N.Y. March 29, 2010).  Both
considerations support the imposition of a serious term of
imprisonment in this case.  A sentence within the advisory
Guidelines range is necessary to deter others who are in a
position to choose between a law-abiding life and a life of
crime.

IV.   <u>Conclusion</u>

In this case, given all of the facts and circumstances discussed above, a sentence within the Guidelines range is necessary in order to achieve the purposes set forth in 18 U.S.C. § 3553(a). Therefore, and for all of the foregoing reasons, the government respectfully submits that the Court should impose a sentence within the advisory Guidelines range of 24 to 30 months.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By:    /s/
      Steven L. Tiscione
      Assistant U.S. Attorney
      (718) 254-6317

cc: Patricia Sullivan, U.S. Probation Officer (by E-mail)
    Stuart Grossman, Esq. (by ECF)
    Clerk of Court (DLI) (by ECF)